UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEGAL M. ALLISON,

        Plaintiff,

        v.                                         Case No. 25-cv-859-bhl

MILWAUKEE POLICE DEPARTMENT
DISTRICT 4, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Segal M. Allison, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Allison's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Allison has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Allison has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $26.67. The Court will grant Allison's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

In his June 16, 2025 complaint, Allison attempts to assert claims against Milwaukee Police Department District 4 and John/Jane Doe Police Officers #1-15. Dkt. No. 1. He alleges that, on or around December 12, 2024, John/Jane Doe Police Officers #1-15 "knowingly and intentionally charged me with Case#2024CF005858 with pure malice after knowing I was innocent and

maliciously prosecuted me with numerous charges I should have never been charged with." *Id*. at 2. He states, "these officers are nothing less than pure evil as they falsified police reports to try to gain a conviction." *Id*. Public record shows that the state court criminal case is still on-going. *See* WISCONSIN CIRCUIT COURT ACCESS, *State of Wisconsin v. Allison*, Case No. 2024CF5858, *available at* https://wcca.wicourts.gov (last visited September 11, 2025). For relief, Allison seeks monetary damages. Dkt. No. 1 at 3.

Under the Younger Abstention Doctrine, federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *see SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Allisons' claim that he is innocent of the criminal charges against him, that he is being maliciously prosecuted, and that the evidence against him was "fabricated" by the Defendants in order to "try to gain a conviction" should be litigated during the course of this state court criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013). In fact, that is the precise nature and purpose of a state court criminal trial. Given the issues Allison has presented in his complaint, deciding the federal constitutional claims in federal court could, and likely would, interfere with and undermine the state court criminal proceedings. Therefore, this Court must stay Allison's federal civil rights action pending litigation of Milwaukee County Case No. 2024CF5858. *See Shaw v. Cnty. of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022) (noting that because civil rights claims for monetary damages may become time-barred by the time a state prosecution has concluded, the Court must stay and administratively close a case, rather than dismiss it). Accordingly, the Court will direct the Clerk's office to administratively close this case pending resolution of Milwaukee County Case No. 2024CF5858. It is Allison's responsibility to file a motion to reopen the case and lift the stay after his state court proceedings have ceased. State proceedings include post-conviction motions and other appellate

relief. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Failure to timely move to reopen the case will result in dismissal of this action under Civil Local Rule 41(c).

### Conclusion

**IT IS THEREFORE ORDERED** that Allison's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of Milwaukee County Case No. 2024CF5858. The Clerk's office is directed to **ADMINISTRATIVELY CLOSE** this case. It is Allison's responsibility to file a motion to reopen the case and lift the stay after state court proceedings have ceased. State court proceedings include post-conviction motions and other appellate relief. Failure to timely move to reopen the case will result in dismissal of this action under Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that the agency having custody of Allison shall collect from his institution trust account the **$323.33** balance of the filing fee by collecting monthly payments from Allison's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Allison is transferred to another institution, the transferring institution shall forward a copy of this Order along with Allison remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of his order be to send copy to Milwaukee County Sheriff and to Office of the Sheriff, Fiscal Operations Rm 224, 821 W. State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Allison is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge